Rev. 03/12/09

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Stephanie S. Carbaugh      : CHAPTER 13
                                : CASE NO. 1 - 09 -bk- 04713
                                :
                                : CHAPTER 13 PLAN
            Debtor(s)           : ___ (Indicate if applicable)
                                : ☐ MOTION TO AVOID LIENS
                                : ☐ MOTION TO VALUE COLLATERAL
                                :
                                : ☐ ORIGINAL PLAN
                                : 2nd AMENDED PLAN
                                :       (Indicate 1ST, 2ND, 3RD, etc.)

---

### YOUR RIGHTS WILL BE AFFECTED

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

## PLAN PROVISIONS

**DISCHARGE:** (Check one)

     ☑      The debtor will seek a discharge of debts pursuant to Section 1328(a).

     ☐      The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

     ☐      This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

     A.     Payments by the debtor of $ _____ per month for _____ months. This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13.

Case 1:09-bk-04713-MDF    Doc 28    Filed 11/18/09    Entered 11/18/09 12:20:00    Desc
Main Document     Page 1 of 8
Case 1:09-bk-04713-MDF    Doc 30    Filed 11/21/09    Entered 11/22/09 00:53:15    Desc
Imaged Certificate of Service     Page 1 of 9

Rev. 03/12/09

B. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: $_____ from the sale of property (describe property) _____.
All sales will be completed by _____.
Other lump sum payments shall be paid to the trustee as follows:

Other payments from any source (describe specifically) shall be paid to the trustee as follows:

C. **For amended plans:**
   (1) The plan payments by the debtor shall consist of the total amount previously paid ($ 190.00 ) added to the new monthly payment in the amount of $ 300.00 for the remaining 59 months of the plan for a total base amount, as amended, of $ 17,890.00 , plus other payments and property stated in Paragraph B above.

   (2) The payment amount shall change effective __October 2009__.

   (3) The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

D. The debtor is responsible for funding the plan.

2. **SECURED CLAIMS**

   A. <u>Adequate Protection Payments under Section 1326</u>. Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.

| Name of Creditor | Address | Account # | Payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

   B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

2

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| GMAC | Residence - 112 N. Broad Street, Waynesboro, PA | $ 858.65 | $ 89,963.00 | % |
| Patriot FCU | 2000 Volkswagen Jetta | $ 155.00 | $ 4,105.02 | % |
| | | $ | $ | % |
| | | $ | $ | % |

    C.    <u>Arrears</u>.

| Name of Creditor | Description of Collateral | Pre-petition Arrears to be Cured | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| Mr. Garnet Harris -amended c/o Michael J. Conner, Esq | Second Mortgage on residence - 112 N. Broad St., Waynesboro, (amended) | $ 7,000.00 | 6 % | $ 7,000.00 |
| | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

    D.    <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED IN THE PLAN OR AN ADVERSARY ACTION WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| | | $ | % | $ | |

3

|  |  | $ | % | $ |
|---|---|---|---|---|
|  |  | $ | % | $ |

\* **PLAN INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN.**

    E.    <u>Other Secured Claims</u>.

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |
|  |  | $ | % | $ |

    F.    <u>Surrender of Collateral</u>:

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

    G.    <u>Lien Avoidance</u>. The debtor moves to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |
|  |  |

4
Case 1:09-bk-04713-MDF   Doc 28   Filed 11/18/09   Entered 11/18/09 12:20:00   Desc
Main Document    Page 4 of 8
Case 1:09-bk-04713-MDF   Doc 30   Filed 11/21/09   Entered 11/22/09 00:53:15   Desc
Imaged Certificate of Service    Page 4 of 9

H.  Payment of claim secured by mortgage/ lien. The debtor owns **real property used as a principal residence located at** _____, which is subject to one or more mortgages/liens. All mortgage and/or long-term lien claim balances survive the plan if not paid in full under the plan. The trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor. If the debtor and/or the trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

3.  **PRIORITY CLAIMS**

    A.  Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |

    B.  Administrative Claims:

        (1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

        (2) Attorney fees. In addition to the retainer of $ __526.00__ already paid by the debtor, the amount of $ __2,974.00__ in the plan.

4.  **UNSECURED CLAIMS**

    A.  Claims of Unsecured Nonpriority Creditors Specially Classified. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |

5

B.    <u>Claims of General Unsecured Creditors</u>. The debtor estimates that a total of $ 2,916.09 will be available for distribution to unsecured creditors. The debtor calculates that a minimum of $ 0 must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of $ 0 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | $ | % | $ | $ | |
| | | $ | % | $ | $ | |

6. **REVESTING OF PROPERTY: (Check One)**

   ☑ Property of the estate will vest in the debtor upon confirmation.
   ☐ Property of the estate will vest in the debtor upon closing of the case.

7. **OTHER PLAN PROVISIONS**

   ☐   A.   <u>Optional provision regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and debtor elects to include the following provisions. (Check if applicable)

   Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the debtor to do the following:

   (1)   Apply the payments received from the trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

   (2)   Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

   (3)   Apply the post-petition monthly mortgage payments made by the debtor to

6

Case 1:09-bk-04713-MDF    Doc 28    Filed 11/18/09    Entered 11/18/09 12:20:00    Desc
Main Document     Page 6 of 8
Case 1:09-bk-04713-MDF    Doc 30    Filed 11/21/09    Entered 11/22/09 00:53:15    Desc
Imaged Certificate of Service     Page 6 of 9

the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) Notify the debtor and the attorney for the debtor, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(5) Notify the debtor, and the attorney for the debtor, in writing, of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes know to the holder if the change is to be implemented in less than 60 days.

(6) Within 60 days after receipt of a written request made by the debtor to the servicer or mortgage lender, with a copy served upon its counsel, the servicer or mortgage lender shall provide debtor and his counsel a statement detailing the following amounts paid by the debtor post-petition: (1) all payments applied to the principal balance; (2) all payments applied to interest; (3) all payments applied to any escrow account; (4) all payments applied to any pre-petition arrearage claim and the remaining balance; and (5) all fees and charges alleged to have accrued post-petition, along with an explanation thereof. The statement may be in the form of a post-petition ledger prepared by the servicer or lender provided the documents used to prepare same are also provided. The debtor may (i) challenge this information by filing a motion with the court, to be served upon the holder and the Trustee, (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines are due, or (iii) take no action at all. To the extent that amounts set forth are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the rights of the holder to collect these amounts will be unaffected.

☐ B. <u>Other provisions</u>. (Check if applicable. Describe below.)

7

Case 1:09-bk-04713-MDF    Doc 28    Filed 11/18/09    Entered 11/18/09 12:20:00    Desc
Main Document    Page 7 of 8
Case 1:09-bk-04713-MDF    Doc 30    Filed 11/21/09    Entered 11/22/09 00:53:15    Desc
Imaged Certificate of Service    Page 7 of 9

Rev. 03/12/09

8. ORDER OF DISTRIBUTION:

Payments from the plan will be made by the trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 11/18/09

_____
Attorney for Debtor

Stephanie Carbaugh
Debtor

_____
Joint Debtor

# CERTIFICATE OF NOTICE

```
District/off: 0314-1           User: BStanchak           Page 1 of 1              Date Rcvd: Nov 19, 2009
Case: 09-04713                 Form ID: pdf002           Total Noticed: 11
```

The following entities were noticed by first class mail on Nov 21, 2009.
```
db         +Stephanie S. Carbaugh,    112 N. Broad Street,    Waynesboro, PA 17268-1304
cr         +Garnet Harris,    76 E. Main Street,    Fayetteville, PA 17222-1423
3303839    +BRAD GORDON,    112 N. BROAD STREET,    WAYNESBORO, PA 17268-1304
3303840    +DARYL SWEETEN,    112 N. BROAD STREET,    WAYNESBORO, PA 17268-1304
3303841     GMAC,    3104 Unionville Rd Ste 200,    Cranberry, PA 16066-3417
3317158    +GMAC Mortgage, LLC,    Bankruptcy Department,    3451 Hammond AVE. 507-345-110,
             Waterloo, IA 50702-5345
3303842    +MR. GARNET HARRIS,    C/O MICHAEL J. CONNER, ESQUIRE,    247 LINCOLN WAY EAST,
             CHAMBERSBURG, PA 17201-2235
3303843    +PATRIOT FEDERAL CREDIT UNION,    PO BOX 778,    800 WAYNE AVE,    CHAMBERSBURG, PA 17201-3810
```

The following entities were noticed by electronic transmission on Nov 19, 2009.
```
3303838    +Fax: 304-368-2484 Nov 19 2009 18:52:02     ALLEGHENY POWER,    800 CABIN HILL DRIVE,
             GREENSBURG, PA 15601-1689
3423739     Fax: 304-368-2484 Nov 19 2009 18:52:02     Allegheny Power,    PO Box 1392,
             Fairmont WV 26555-1392
3333694     E-mail/PDF: rmscedi@recoverycorp.com Nov 19 2009 18:54:28
             Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
             Miami, FL 33131-1605
                                                                                              TOTAL: 3

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 21, 2009**                   **Signature:** _Joseph Speetjens_