IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>STEPHANIE S. CARBAUGH<br>A/K/A STEPHANIE SUE CARBAUGH<br>A/K/A STEPHANIE S. TAYLOR<br>               Debtor | Bk. No. 1:09-04713 MDF<br><br>Chapter No. 13 |
| GMAC MORTGAGE, LLC<br>               Movant | |
| v. | 11 U.S.C. §362 |
| STEPHANIE S. CARBAUGH<br>A/K/A STEPHANIE SUE CARBAUGH<br>A/K/A STEPHANIE S. TAYLOR<br>               Respondent | |

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan & Schmieg, LLP, counsel for the Movant, **GMAC MORTGAGE, LLC**, and STEVEN P. MINER, ESQUIRE, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. The parties agree that the total post-petition arrearage consists of one (1) monthly payment for the month of November 2009 at $858.65 each; three (3) monthly payments for the months of December 2009 through February 2010 at $852.16 each; an accrued late charge in the amount of $137.10; less Debtor's suspense in the amount of $7.50; resulting in the total post-petition arrearage amount of $3,544.73.

3. Beginning March 1, 2010, Debtor shall commence payment of the regular monthly mortgage payment in the amount of $852.16, plus the additional payment in the amount of $590.79, for a total monthly payment amount of $1,442.95. The Debtor will continue to pay this amount each month from March 1, 2010 through and including August 1, 2010 to cure the aforementioned post-petition arrearage. All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **GMAC MORTGAGE, LLC, 3451 HAMMOND AVE, WATERLOO, IA 50702.**

4. If Debtor provides sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

5. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and any Co-Debtor Stay (if applicable) and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

6. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and any Co-Debtor Stay (if applicable) and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

7.　　Debtor's tendering of a check to **GMAC MORTGAGE, LLC**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

8.　　The parties agree that a facsimile signature shall be considered an original signature.

Date:　February 2, 2010

_____
JAY B. JONES, ESQUIRE
PETER J. MULCAHY, ESQUIRE
JOSEPH P. SCHALK, ESQUIRE
ANDREW L. SPIVACK, ESQUIRE
Attorneys for Movant

_____
STEVEN P. MINER, ESQUIRE
Attorney for Debtor